SPENCER OPTICAL MFG. CO. v. JOHNSON.

1. PARTNERSHIP.—Under our statute as to limited partnerships, the amount contributed by each special partner must be specifically stated in the certificate.

2. IBID.—If the provisions of the statute as to limited partnerships are not strictly complied with, each special partner becomes liable as a general partner.

3. CHARGE.—The construction of a paper by a Judge and instruction to the jury as to its legal effect, is not a charge upon the facts.

4. PARTNERSHIP—LIMITED PARTNERSHIP.—Where there is a false statement made in the certificate under limited partnership act, the special partner becomes liable as a general partner, whether certificate in form complies with requirements of statute or not.

5. EVIDENCE—PARTNERSHIP—LIMITED PARTNERSHIP.—Testimony as to partial payments out of partnership assets on partnership account admitted against a limited partner for individual liability.

6. DISCRETION.—LEADING QUESTIONS are within the discretion of the trial Judge.

7. PARTNERSHIP.—Act of Limited Partnership does not permit joint contributions by special partners.

Before ALDRICH, J., Greenwood, December, 1898.   Affirmed.

Action by Spencer Optical Manufacturing Company *v.* H. W. Johnson, J. K. Durst, and W. L. Durst, partners under the firm name of H. W. Johnson.  From judgment for plaintiff, defendants, J. K. Durst and W. L. Durst, appeal.

*Messrs. Giles & Magill,* for appellant, cite: *Declarations of one partner against another:* 1 Strob., 396. *Nonsuit should not have been refused:* 33 S. C., 198.   *Charge on the facts:* 47 S. C., 523; 49 S. C., 496, 558; art. 5, sec. 26, Con.; 16 S. C., 155; 51 S. C., 453. *Limited partnerships:* Rev. Stat., 1408, 1414 to 1426, 1410; 4 E. D. Smith, 610.

*Mr. W. K. Blake,* contra, cites: *Testimony must be objected to on trial:* 49 S. C., 293. *Declarations of partners:* 2 Speer, 170. *Limited partnerships:* Rev. Stat., 1431, 1414; 8 Ala., 827. *Court must construe written instrument:* 24 S. C., 359, 494; 46 S. C., 228; 51 S. C., 118; 50 S. C., 240. *Charge on facts:* 47 S. C., 517; 24 S. C., 505; 37 S. C., 253; 38 S. C., 31. *Constitutional construction:* 6 Colo., 92; 19 W. Va., 408.

Nov. 12, 1898.  The opinion of the Court was delivered by MR. JUSTICE JONES.   This appeal is from a judgment

on verdict in favor of plaintiffs, in a suit on account for goods sold and delivered. The defendant, H. W. Johnson, did not answer. The defendants, J. K. Durst and W. L. Durst, interposed an answer, denying that they were partners of H. W. Johnson, and denying generally the allegations of the complaint. It was not questioned on the trial that judgment should go against H. W. Johnson. The contention by defendants, Durst, was that they were not liable as general partners with defendant, Johnson. Plaintiffs offered in evidence a contract, purporting to be a contract of limited partnership between defendant, Johnson, as general partner, and defendants, J. K. Durst and W. L. Durst, as special partners. Then offered evidence of the admission of defendant, Johnson, that the account sued on was correct, with promises to pay, and of a partial payment on said account out of the proceeds of the sale of the stock of the firm of H. W. Johnson, defendant. The liability of the defendants, J. K. Durst and W. L. Durst, depend upon the construction of the contract of partnership introduced in evidence, or, rather, whether said contract was made in compliance with the statute, and most of the exceptions hinge on this question. Our statute, regulating limited partnerships, sections 1407 to 1434 inclusive, Revised Statutes, in section 1410, provides as follows: "The persons desirous of forming such partnerships shall make and severally sign, in the presence of two subscribing witnesses, a certificate, which shall contain: First. The name or firm under which such partnership is to be conducted. Second. The general nature of the business intended to be transacted. Third. The names of all the general and special partners interested therein, distinguishing which are general and which are special partners, and their respective places of residence. Fourth. The amount of capital which each special partner shall have contributed to the common stock. Fifth. The period at which the partnership is to commence, and the period at which it will terminate." Sec. 1413 provides: "At the time of filing the

original certificate, with the evidence of the execution thereof, as before directed, an affidavit of one or more of the general partners shall also be filed in the same office, stating that the sums specified in the certificate to have been contributed by each of the special partners to the common stock have been actually and in good faith paid in cash." Then sec. 1414 provides: "No such partnership shall be deemed to have been formed until a certificate shall have been made, proved, filed, and recorded, nor until an affidavit shall have been filed as above directed; and if any false statement be made in such certificate or affidavit, all the persons interested in such partnership shall be liable for all the engagements thereof, as general partners." In 13 Ency. Law, p. 809, it is stated: "These requirements being conditions precedent to the formation of such partnership, are mandatory, and if they are not strictly, or, at least, accurately and substantially complied with, the special partners are not entitled to immunity from the debts of the firm, but will be liable as general partners." This statement is supported by the authorities cited. See, also, 2 L. R. A., 43, note; 3 L. R. A., 503, note; 8 L. R. A., 712, note. The Circuit Court ruled in favor of plaintiffs' contention, that the contract of limited partnership in this case did not comply with the statute, because both in the certificate and in the affidavit it did not appear what sum each special partner had contributed and paid in to the common stock. It appears in the certificate "that the said J. K. Durst and W. L. Durst have contributed the sum of $1,000, as capital to the common stock," and in the affidavit is this statement, "that the sum specified in the said certificate to · have been contributed by the special partners to the common stock has been actually and in good faith paid in cash." We do not think it either a strict or a substantially accurate compliance with the statute, merely to state what all the special partners in the aggregate contribute. The statute, for reasons of its own, insists that the amount each special partner contributes shall be specified.

As the limitation of the liability of a special partner, under the limited partnership statute, must depend upon compliance with the statute, it follows, if the statute be not complied with, that the special partner becomes liable as a general partner. It follows that there was no error in refusing the motion for a nonsuit, for there was evidence tending to establish the liability of the defendants as general partners by proof of the contract of limited partnership, and its non-compliance with the statute, followed by evidence of the admission of H. W. Johnson, the general partner, as to the correctness of the account sued on. But, independent of this, in section 1431, Rev. Stat., it is provided that "Any creditor of a limited partnership may, at his option, include in his suit against the same the special partner or partners who may become liable as general partners by failing to comply with the provisions of this chapter; and all the facts necessary to affirm or negative the liability of such special partner or partners may be given in evidence under the general issue; and the failure of the plaintiff to establish such liability shall not be cause of nonsuit."

As the construction of a written contract is exclusively within the province of the Court, and as the question whether the contract in question complied with the statute is purely a question of law, it was, of course, not a charge in respect to facts for the Judge to state to the jury his construction of the contract, and his views whether the same complied with the statute. This is all that he said in reference to the 4th, 5th, 6th, 7th, and 8th exceptions, imputing error in the charge in respect to matters of fact. It follows, also, that the 9th, 10th, 11th, and 12th exceptions must be overruled, because the charge of the Judge to the jury on the question whether the certificate and affidavit complied with the statute was in accord with the view of this Court.

Under the 12th exception, it is argued that unless there was some false statement made in the certificate or affidavit

under the limited partnership act, the special partner would not be liable as a general partner. But as has been shown, the test is not whether any statement is false or not, but whether the statements made comply with the requirements of the statute. If the statements made are upon their face in conformity with the statute, under the last clause of section 1414, above quoted, it may be shown that the certificate or affidavit is false in some required statement, in which case the special partner is liable as a general partner, notwithstanding on their face the certificate and affidavit comply strictly with the statute. The falsity of some requisite statement is an additional, not the sole, ground upon which the liability of the special partner becomes general.

The exceptions relating to the admission of certain testimony and the refusal to admit other testimony, will be briefly noticed. The first exception alleges error in permitting the following questions and answers: "You say you paid Mr. Giles out of this a certain amount of money? A. Yes, sir; I have your receipt for it. Q. And myself a certain amount? A. Yes, sir." Waiving the objection that the question is too general, we may say the testimony was relevant, as tending to show a partial payment of the account sued from the proceeds of the assets of the firm of H. W. Johnson. In so far as the questions are said to be leading, we may say that leading questions are largely within the discretion of the trial Court, and will not constitute reversible error, unless there was abuse of discretion to the harm of the appellant. In this case, the questions were mere repetitions of what the witness had already testified to in a more specific manner.

The second exception imputes error in allowing W. K. Blake to testify to the effect that defendant, Johnson, told him that no more than $1,000 had been paid in on the contract of partnership. We fail to see what possible harm such testimony could do the appellant. The alleged statement

by Johnson did not differ from his affidavit attached to the certificate, which was introduced in evidence.

The 13th exception assigns error, "in refusing to allow J. K. Durst, one of the defendants, to testify how the $1,000 paid into the limited partnership business by J. K. Durst and W. L. Durst was contributed, whether individually or as a partnership firm under the name of J. K. Durst and W. L. Durst." The ruling was correct. The certificate, under the act, must speak for itself. Besides, the act, as shown, does not permit any joint contributions by special partners. The contributions by special partners are several, and the amount contributed by each one must be specified.

The judgment of the Circuit Court is affirmed.